# IN GENERAL TERM, 1873.

JOHN HURLEY *v.* THE JEFFERSONVILLE, MADISON AND INDIAN-
APOLIS RAILROAD COMPANY: THE TERRE HAUTE & INDIAN-
APOLIS RAILWAY COMPANY, THE CLEVELAND, CIN-
CINNATI & INDIANAPOLIS RAILWAY COMPANY;
THE INDIANA CENTRAL RAILWAY COMPANY;
AND THE INDIANAPOLIS, CINCINNATI &
LAFAYETTE RAILROAD COMPANY.
Appellants.

RAILROAD CROSSING—
EVIDENCE—
INSTRUCTIONS BY COURT.

A railroad corporation is not only required to construct its tracks at a pub-
lic crossing, so that they may be reasonably safe to persons driving
across the same, but to maintain them in a reasonably safe condition.

In such construction, as well as in maintaining them in a safe condition,
they are bound only to ordinary care and skill, the rights and duties
of corporation and individual being mutual.

Evidence of the manner in which said crossings are generally constructed,
is proper, as showing proper care and skill, but evidence of a *custom*
of railroad companies in constructing street crossings, will not preclude
the inquiry into the fact whether or not a particular crossing was prop-
erly constructed, or kept in sufficient repair to make a safe passage
way over the railroad.

It is not error to refuse any particular instruction, if the substance thereof
has been given, or included in instructions given by the Court.

*Hendricks, Hord & Hendricks,* for appellants.

*Nichol & Jordan,* for appellee.

NEWCOMB, J.—The complaint in this case alleges that the several corporations defendant are a partnership, under the name and description of the Union Railway Company, and as such partners own and control a railroad track in the city of Indianapolis, that said track extends upon and across Meridian street in said city, and that it was, and is the duty of the defendants to construct, keep and maintain said cross-ing in a safe, and proper condition.

The first paragraph charges that the defendants neglected to keep, and maintain said crossing in good and proper con-dition, but suffered the same to become, &c.; that plaintiff, on, &c., was driving along said street across said railroad track, using proper care and diligence, and by reason of the improper condition in which defendants had wrongfully, and negligently suffered said crossing to get, the plaintiff's horse was thrown violently to the ground by reason of his foot becoming fastened in the planking of the crossing, and was so injured thereby as to render him worthless.

The second paragraph alleges that the crossing was im-properly constructed by the defendants, too wide a space having been left between the iron rail and the planking on each side thereof, whereby the injury complained of was caused, &c.

A demurrer to the complaint was overruled, we think, cor-rectly. The defendants then filed a general denial. The cause was tried by a jury, who found for the plaintiff, assess-ing his damages at $150. A motion for a new trial was overruled, and judgment rendered in accordance with the finding, from which the defendants have appealed to the General Term.

At the proper time defendants' attorneys submitted five written instructions to the Court, three of which were given to the jury; the others, the third and fifth, were refused, and defendants excepted.

The instructions so refused were as follows: .

" 3. If the defendant's tracks, at the place where the plaintiff's horse was injured, were constructed and maintained in the customary and usual manner in which such crossings are constructed and maintained, then the defendants had performed all the duty they owed the plaintiff, and are not liable."

" 5. The burden of the proof as to every fact entitling the plaintiff to recover is upon the plaintiff, and he must make out his case by a preponderance of the evidence, or he cannot recover."

The fifth instruction was correct as a legal proposition, and ought to have been given unless substantially included in the instructions the Judge did give to the jury.

Among other charges the Judge gave the following:

" 1. The plaintiff is bound to make out his case by a preponderance of the evidence."

" 2. It was the duty of the defendants to so construct their track across Meridian street that it would be reasonably safe to persons driving their horses across the same; and after they had so constructed the track it was their duty to maintain the same in a reasonably safe condition, taking into consideration the rights of such passers along the street, and the rights of the defendants to use their tracks to run cars over the same."

" 3. If the defendants both constructed and maintained said Union railroad track across Meridian street, so that it was reasonably safe for persons driving across the same, then the law is for the defendants."

" 4. The jury are not authorized to infer that the crossing was negligently constructed or maintained, from the fact that the plaintiff's horse was caught and injured. It must appear from the evidence that the injury was caused by the improper manner in which the track was constructed or maintained."

"5. The law does not impose upon the defendants the duty of so constructing and maintaining their tracks that it is impossible for a horse's foot to be caught and injured. They are only bound to use ordinary care in the construction and maintenance of their tracks."

The above instructions, as given in connection with instructions on other branches of the case, informed the jury as to the facts necessary to be established by the plaintiff, and that those facts must be proven by preponderance of the evidence, in order to justify a verdict in plaintiff's favor.

We think, therefore, that no error was committed in refusing the fifth instruction asked by the defendants, as it was in effect included in the instructions as given.

As we understand the third instruction asked by the defendants, it proposed to take from the consideration of the jury the question whether the street crossing in controversy had, in fact, been properly constructed, or if so constructed, whether it had been maintained in a reasonably proper manner; and that, as a matter of law, the jury were to find for the defendants if they constructed and maintained the crossing in the usual manner in which such crossings are constructed and maintained.

Evidence of the manner in which such crossings are generally constructed by railroad builders was proper as tending to show proper care and skill in the construction of the track in controversy, if built in the usual and customary manner; and evidence on that point was introduced without objection, on the trial; but we cannot assent to the doctrine that the custom of railroad companies in constructing street crossings precludes inquiry into the fact whether or not a particular crossing was properly constructed, or kept in sufficient repair to make a safe passage way over the railroad.

In *Shearman & Redfield, on Negligence*, §444–446, it is

said: "A railroad company is bound to lay its track and road bed in such a manner, and keep them in such condition as to make the road safe for the use of its passengers, and of all persons having a right to pass over it, or be upon it, or to have their property thereon.   *   *   In laying down a railroad upon a public highway, ordinary care and skill must be used to make the track harmless to persons, animals, or vehicles passing along the highway.   And, as in other cases, the degree of care and skill required is to be estimated in view of the whole circumstances, taking into account the obvious risk of danger to travelers, and the necessity of caution to avoid numerous injuries.   That the rails ought not to be so laid as to entangle horses' feet, if by ordinary skill such a result could be avoided."

In the case of *The Toledo & Wabash Railroad Company* v. *Goddard*, 25 *Ind.*, 186, our Supreme Court lays down the rule as follows:

"The rights and duties of a railroad company and of persons traveling on a public highway, crossing the track of the railroad, are mutual.   Both have the right to pass, and both are bound to use ordinary care and diligence in doing so to avoid injury.

"Ordinary care is that degree of care which a person of ordinary prudence is presumed to use, under the particular circumstances, to avoid injury.   It must be in proportion to the danger to be avoided, and the fatal consequences involved in its neglect."

Perhaps a more stringent rule as to the construction of railroad crossings is laid down in the fifth clause of Section XIII of the general railroad law of this State.   1 G. & H., 509.   That clause of the act empowers railroad companies, "to construct their road upon or across any stream of water, water-course, road, highway, railroad or canal, so as not to interfere with the free use of the same, which the route of its

road should intersect, *in such manner as to afford security for life and property;* but the corporation shall restore the stream or water-course, road, or highway, thus intersected, to its former state, or in a sufficient manner *not to have unnecessarily impaired its usefulness,* or injured its franchises.

At all events, we think it was the province of the jury to determine, under the evidence, whether the crossing in question had been constructed with reasonable care and skill, and whether, if so constructed, it was, at the time of the injury complained of, in reasonably safe repair.

The instructions given on these points were, in our opinion, correct, and the third instruction asked by the defendants was properly refused.

The judgment at Special Term is affirmed at the costs of the appellants.

---

NOTE.—The lawful maintenance of its track in a street or highway, gives a railroad corporation no exclusive right of use of the portion of the highway on which the track is laid, and the law of the road, requiring the drivers of carriages, on meeting, to turn seasonably to the right, does not apply to the meeting of a railroad car, and a common carriage. 1 *Smith,* 380, (*Hegan* v. *Eighth Avenue Railroad*).

A railroad company is not liable for every accident which occurs by reason of its track being lawfully laid in the street of a city. M's horse in being driven across such a track got one of his hoofs between the rails, and was lamed. *Held,* that the burden lay upon him to prove negligence in the construction, or maintenance of the track, as the cause of the injury. *Mazetti* v. *New York & Harlem Railroad,* 3 *E. D. Smith,* 98.

A person lawfully using a street traversed by a railroad track, is bound only to use ordinary care.

Authority to occupy and use streets, privileges and liabilities incident thereto. See *Dillon on Municipal Corporation, Sec.* 560, *et seq.*

Liability of Railroad Companies for negligence, discussed. 7 *Am. Law Reg.,* (N. S.) 449.—[REPORTER.